CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
for Danville
AUG 20 2008
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JACQUELINE M. WAGSTAFF, | ) | CASE NO. 4:08CV00001 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security[1], | ) | By: B. Waugh Crigler U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's June 28, 2004 protectively-filed claim for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge ("Law Judge") concluded that plaintiff had an alleged a disability

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Commissioner of Social Security, as the defendant.

onset date of August 27, 2003, had not engaged in substantial gainful activity during the relevant time period, and was insured for benefits through December 31, 2004[2]. (R. 15, 17.) It was determined that she had the following severe impairments: status post left tibial pilon fracture with open reduction and internal fixation, cervical spine disc herniation, status post diskectomy and fusion at the C6-7 level, status post left shoulder rotator cuff tear repair, and major depression. (R. 18.) The Law Judge found that when plaintiff's impairments were viewed individually or in combination, they did not meet or equal a listed impairment. (*Id.*) The Law Judge determined that although her medically determinable impairments reasonably could be expected to produce the alleged symptoms, her statements concerning the intensity, duration and limiting effects of these symptoms were "not entirely credible." (R. 20.) He then found that plaintiff retained the residual functional capacity ("RFC") to perform light work which requires no more than six hours of standing/walking and no more than six out of eight hours of sitting. (R. 18.) Further, she can occasionally balance, stoop, kneel, crouch, and crawl, but plaintiff has to avoid climbing ropes and ladders. (*Id.*) The Law Judge determined that she has moderate limitations in her ability to concentrate, but she is not precluded from performing unskilled work[3]. (*Id.*) It was determined that his RFC precluded her from returning to her past relevant work as an accountant, senior payroll accountant, EMT driver, and horse trainer. (R. 21.) By reference to the Medical-Vocational Guidelines ("grids") and testimony provided by the

---

[2]Plaintiff's insured status expiration date means that for purposes of disability insurance benefits, she has to establish disability on or prior to this date to be entitled to benefits. *See* 20 C.F.R. §§ 404.315, 404.131.

[3]The Law Judge defined unskilled work as that which needs little or no judgment to do, simple duties that can be learned on the job in a short period of time. (R. 18.)

2

vocational expert ("VE"), the Law Judge found that other jobs exist in the national economy that she could perform, such as file clerk, library clerk, and receptionist. (R. 21-22.) Thus, the Law Judge concluded that plaintiff was not disabled under the Act. (R. 22.)

Plaintiff appealed the Law Judge's August 30, 2006 decision to the Appeals Council. (R. 5-7.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

While not citing any authority in her brief supporting her motion for summary judgment, the undersigned extrapolates and construes plaintiff's two-sentence argument to assert that she is entitled to summary judgment under *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989)[4]. (Pl's Brief, p. 4.) Specifically, plaintiff contends that the limitations that she "couldn't focus because of being on heavy medications and also having very poor memory" were not included in the hypothetical posed by the Law Judge, and these limitations are supported by the evidence. (*Id.*) Additionally, plaintiff argues that, when a hypothetical was presented to the Law Judge which included these limitations, he opined that no jobs were available to her. (*Id.*) The undersigned finds that the Law Judge's findings and hypothetical question comported with the *Walker* standard.

The relevant portion of the colloquy between the Law Judge and the VE is as follows:

[Law Judge]: [D]ue to her mental impairments she has moderate limitations with a very remote memory. Person [sic] does have moderate limitations because of mental impairments as far as understanding and remembering detailed instructions, and following up detailed

---

[4] Under *Walker*, in order for a VE's opinion to be relevant or helpful, the hypothetical must account for all the claimant's maladies and their effects. 889 F.2d at 50.

instructions, maintaining attention and concentration for extended periods of times [sic], and being able to complete a work week without some psychologically-based interruptions. But she is able to do - - meet the basic mental demands of competitive work on a sustained basis despite those limitations. And with those limits are there any jobs that such a person could do that exists that she's done in the past, or any other work?

[VE]: Moderate limitations for detailed - - in carrying out detailed, and moderate limitations in the area of concentration?

[Law Judge]: Um-hum.

[VE]: Was there another one? Was there any other?

[Law Judge]: Okay. Moderate limitation in ability to understand and remember detailed instructions, ability to carry out detailed instructions, maintain attention and concentration, attention for extended periods. And moderately limited ability to complete a normal workday and work week without interruptions from psychologically-based symptoms.

(R. 44-45.) In response to this hypothetical, the VE testified that plaintiff would be precluded from doing her past relevant work. (R. 45.) However, he also found that there were other jobs available to her in the national economy. (*Id.*) Specifically, he opined that plaintiff could work as a receptionist, file clerk, library assistant, and library clerk. (R. 45-46.)

When plaintiff's counsel was permitted to question the VE, he added the limitation that plaintiff "couldn't focus because of being on heavy medications and also having very poor memory." (R. 46.) The VE responded that a "very poor memory" would preclude employment because "[a]ll jobs require memory, some memory." (R. 47.)

The medical evidence relating to plaintiff's ability to focus and her memory reveals that on November 8, 2004 David Niemeier, Ph.D., a State Agency record reviewing physician, evaluated plaintiff's medical records. (R. 227-229.) He opined that she was not significantly

4

limited in her abilities to remember locations and work-like procedures and to understand and remember very short and simple instructions. (R. 227.) Dr. Niemeier further found that plaintiff was only moderately limited in her ability to understand and remember detailed instructions. (*Id.*) The physician also found that plaintiff experienced only moderate difficulties in maintaining concentration, persistence, or pace. (R. 354.) Robert P. Barrell, Ph.D., a State Agency record reviewing psychologist, concurred with and affirmed Dr. Niemeier's assessment. (R. 344.)

Plaintiff has not pointed to any medical evidence supporting her claim that she suffers a medication-induced inability to focus and "very poor memory" which otherwise was not accounted for by the Law Judge's hypothetical scenario for the VE. Moreover, plaintiff's subjective statements, standing alone, do not constitute evidence of an impairment which the Law Judge was required to include in his questions to the VE. This is so because, under the circumstances of this case, the findings of Drs. Barrell and Niemeier, which are not contradicted by any other medical evidence in the record as a whole, constitute substantial evidence to support the Law Judge's findings. Thus, plaintiff's claim that she suffers medication-induced limitations on her ability to focus and a poor memory were accounted for in the Law Judge's findings and eventual questions to the VE, and the requirements of *Walker v. Bowen* have been met.

Accordingly, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are

5

Case 4:08-cv-00001-JLK-BWC   Document 16   Filed 08/20/08   Page 5 of 6   Pageid#: 51

entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

08-20-08
Date

6

Case 4:08-cv-00001-JLK-BWC    Document 16    Filed 08/20/08    Page 6 of 6    Pageid#: 52